IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

```
_____x
PAUL M. MONTRONE REVOCABLE           :
TRUST OF 2010, ex rel.               :   Case No.  9:23-cv-81113
PAUL M. MONTRONE, Trustee,           :
            Plaintiff,               :
v.                                   :
                                     :
KEVIN COGAN,                         :
            Defendant.               :
_____x
```

## COMPLAINT

Plaintiff, PAUL M. MONTRONE REVOCABLE TRUST OF 2010, *ex relatione* PAUL M. MONTRONE, Trustee, by and through the undersigned counsel, hereby files suit against Defendant KEVIN COGAN.  In support thereof, Plaintiff alleges as follows:

### PARTIES

1.	Trustee PAUL M. MONTRONE is, for diversity purposes, a citizen of New Hampshire and is otherwise *sui juris*.

2.	Plaintiff, PAUL M. MONTRONE REVOCABLE TRUST OF 2010 is, for diversity purposes, a citizen of New Hampshire and is otherwise *sui juris*.[1]

3.	PAUL M. MONTRONE REVOCABLE TRUST OF 2010 is organized and existing under the laws of New Hampshire, is in good standing thereunder, and is exercising its rights through its Trustee PAUL M. MONTRONE.

---

[1] PAUL M. MONTRONE REVOCABLE TRUST OF 2010 is a "traditional" trust that is not treated as a juridical person under the laws of New Hampshire, thus its citizenship "is based solely on that of its trustee." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 39 (3d Cir. 2018); *see also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017) (same); *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016) (same).

4. Defendant KEVIN COGAN is, for diversity purposes, a citizen of Florida (and upon information and belief a resident of Miami-Dade County) and is otherwise *sui juris*. Upon information and believe the Defendant resides at 1003 Water Tower Way, Apt. 109, Lantana, FL 33462.

## JURISDICTION & VENUE

1. This Court has personal jurisdiction and diversity jurisdiction, pursuant to 28 U.S.C. § 1332 as the Parties are diverse and the amount in controversy is in excess of $75,000.00.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

3. All conditions precedent needed to be fulfilled by the Plaintiff prior to bringing this Complaint have been satisfied or otherwise waived by the Defendant.

## FACTS COMMON TO ALL COUNTS

4. Defendant KEVIN COGAN and his former wife Michele Cogan owned real property more particularly described as: Parcel Nos. D-13 and D-14 Consolidated Estate Lovenlund, No. 2 Great Northside Quarter, St. Thomas, U.S. Virgin Islands, as shown on P.W.D. Map No. D9-6970-T001 consisting in total of 1.0 U.S. acres, more or less (the "Property").

5. During the course of their marriage KEVIN COGAN and Michele Cogan borrowed a total amount of Seven Million Seven Hundred Seventy-Two Thousand Two Hundred Twenty Eight Dollars and Twenty Eight Cents ($7,772,228.28) from PAUL M. MONTRONE REVOCABLE TRUST OF 2010 to construct and maintain the Property.

6. Indeed, Defendant KEVIN COGAN lived at the Property for over half a decade.

7. The referenced outstanding loans were memorialized in eight (8) Promissory Notes promissory notes (collectively the "Notes") as follows:

      a. June 1, 2012, $4,964,779.00, attached as Exhibit 1;

      b. September 24, 2012, $158,000.00, attached as Exhibit 2;

      c. April 10, 2013, $160,000.00, attached as Exhibit 3;

      d. August 30, 2013, $180,000.00, attached as Exhibit 4;

      e. February 28, 2014, $1,919,449.28, attached as Exhibit 5;

      f. October 16, 2014, $140,000.00, attached as Exhibit 6;

      g. May 11, 2015, $130,000.00, attached as Exhibit 7;

      h. November 4, 2015, $120,000.00, attached as Exhibit 8.

8. Each of the Notes, *see* Ex. 1-8, have a New Hampshire choice of law provision, and also qualifies as a "negotiable instrument" under New Hampshire law.

9. Defendant KEVIN COGAN has failed to make timely payments of principal and interest when due under the Notes, consequently, Defendant KEVIN COGAN is in default under the terms and conditions of those Notes.

10. The PAUL M. MONTRONE REVOCABLE TRUST OF 2010 made a demand upon Defendant KEVIN COGAN on July 22, 2016. A copy of the demand letter is attached as Exhibit 9 (without attachments thereto).

11. Defendant KEVIN COGAN has failed to cure the payment defaults by failing to pay all amounts due as demanded.

12. Defendant KEVIN COGAN and his now ex-wife Michele Cogan are actively engaged in divorce proceedings in New Hampshire ("the New Hampshire divorce case"). *See In the Matter of Kevin Cogan and Michele Cogan*, case no. 670-2016-DM-00094 (New Hampshire, 10th Circuit – Family Division – Portsmouth).

13. In September 2016, the PAUL M. MONTRONE REVOCABLE TRUST OF 2010 commended litigation in the United States Virgin Islands Superior Court (division of St. Thomas & St. John) in the case styled as Paul M. *Montrone Revocable Trust of 2010, v. Cogan*, case no. ST-16-CV-563 ("the V.I. Superior Ct. litigation").

14. On December 15, 2016, the court in the V.I. Superior Ct. litigation entered an order granting the Plaintiff's motion for a prejudgment writ of attachment, together with the writ. The order and writ are attached hereto as composite Exhibit 10.

15. On June 12, 2017, the court in the V.I. Superior Ct. litigation entered an order vacating the prejudgment writ of attachment. The vacatur order is attached hereto as composite Exhibit 11.

16. On September 1, 2017, the court in the V.I. Superior Ct. litigation entered an order reinstating the prejudgment writ of attachment, together with the writ. The order and writ are attached hereto as composite Exhibit 12.

17. The parties to the V.I. Superior Ct. litigation actively litigated that case from the outset.

18. For example, on December 6, 2017, PAUL M. MONTRONE REVOCABLE TRUST OF 2010 moved for summary judgment, and on May 17, 2018, Defendant KEVIN COGAN moved for partial summary judgment.

19. Meanwhile, on February 9, 2018, the court in the New Hampshire divorce case issued an order appointing a Commissioner to sell the Property. A copy of the February 9th order is attached as Exhibit 13.

20. Finally, on December 3, 2019, the judge assigned to the V.I. Superior Ct. litigation issued an order which, *inter alia*, continued a previously scheduled status conference without date. A copy of the December 3rd order is attached as Exhibit 14.

21. Having grown frustrated at the lack of progress in the V.I. Superior Ct. litigation, on March 11, 2020, the parties filed a "joint emergency motion for ruling on critical pending motions." A copy of the March 11th filing is attached as Exhibit 15.

22. The V.I. Superior Ct. litigation docket is publicly *available* at https://usvipublicaccess.vicourts.org/case/cb1668d3457865199a918fa009d902affd1b735c6e7468f8d8ae755e7347d430 (last accessed June 14, 2023), and the Court may take judicial notice of the publicly available filings pursuant to *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (citing *Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) for the proposition that "any state court dockets or pleadings that have been located (including on the Internet) and for which it is proper to take judicial notice").

23. Having failed to obtain any action from the judge assigned to the V.I. Superior Ct. litigation, on November 20, 2020, the parties to the V.I. Superior Ct. litigation filed a joint petition for a writ of mandamus with the Virgin Islands Supreme Court. A copy of the mandamus petition is attached as Exhibit 16.

24. The Clerk of the Virgin Islands Supreme Court docketed the mandamus petition at case no. SCT-Civ-2020-0115. A copy of the docketing order is attached as Exhibit 17.

25. On January 28, 2021, the Clerk of the Virgin Islands Superior Court filed a docket sheet reflecting all of the docket entries in the V.I. Superior Ct. litigation with the Virgin Islands Supreme Court. A copy of the V.I. Superior Ct. litigation docket sheet is attached as Exhibit 18.

26. To date the judge in the V.I. Superior Ct. litigation has failed to take any action after the December 3, 2019, order (a duration of approximately 1300 days).

27. To date, the Virgin Islands Supreme Court has failed to take any action on the November 20, 2020, joint petition for a writ of mandamus (a duration of approximately 950 days).

28. The Virgin Islands Supreme Ct. litigation docket is publicly *available at* https://usvipublicaccess.vicourts.org/case/5673d8e4cd1439ccf6331595b5f5a7429630cfda471018cad10719f46f365d7d (last accessed June 14, 2023), and the Court may take judicial notice of the publicly available filings pursuant to *Paez, supra.*

29. Unfortunately, the lack of progress with the V.I. Superior Ct. litigation is consistent with the extreme delays in obtaining resolution of cases before the Virgin Islands Superior Court. *See, e.g., Morton v. Testamark*, 2022 WL 17669172, at *4 (D.V.I. Dec. 14, 2022) ("[a]s it currently stands, Morton's [local level habeas] petition has been pending in the Superior Court for eight years, and no action has been taken in Morton's case for over five years."); *Kuykendall v. Hart*, 70 V.I. 574, 584 (V.I. Super. 2019) ("Clearly, this case has languished. No one disputes that point. It was filed in 2005 and fourteen years later it remains pending. One factor for the delay is that no fewer than six judges were assigned to this case before [one of the defendants] filed its failure to prosecute motion in 2010 and [a different defendant's] motion to dismiss based on the prior action pending doctrine, filed five years before, was still pending. Kuykendall could have been more proactive in drawing attention to this case and in prosecuting their claims since, historically, the parties have set the pace of litigation. But there is little the parties can do when the trial court fails to discharge its responsibilities.").

30.     Indeed, on July 6, 2021, the 34th Legislature of the Virgin Islands, Committee on Rules and Judiciary held a hearing on Act 8468 (the "Hearing").[2, 3] As explained at the Hearing, Act 8468 recognizes that there is a backlog in bringing cases to trial. It recognizes that the backlog disproportionately impacts two at-risk groups of people – seniors and the terminally ill. And it is designed/tailored to ameliorate those harms providing a prompt trial to minimize the potential that they die before their claims are heard. Hearing at 29:08 to 29:25.

31.     The legislative history (and associated findings) demonstrates that, as Senator Janelle K. Sarauw (who introduced the Bill) stated, there remains a large backlog of actions, despite the expansion of the territorial court system in recent years. *Id.* at 28:00 to 28:22. This backlog threatens the fundamental guarantees of "[t]he Constitution and justice [because] that's not how this [is supposed to] work[]." *Id.* at 28:53 to 29:04. "People should not be dying waiting to settle a civil matter." *Id.* at 29:19 to 29:26.

32.     Senator Novelle E. Francis, Jr. acknowledged that "[t]he truth is we have a number of cases that [have] *sat in the courts for years–5, 10, 15, 20 years*–these civil proceedings, civil litigations, and it's unfair. It's unfair for the plaintiff to have to wait this length of time regardless of these circumstances or the situation." *Id.* at 45:20 to 45:43 (emphasis added). "Every single day we're hearing more and more of our seniors again passing on – every single day. And it's only right that they're able to–again–put their house in order in some timely fashion as they are preparing for going to meet their maker." *Id.* at 46:00 to 46:19.

---

[2] The Court can take judicial notice of legislative materials under Fed. R. Evid. 201.
[3] Counsel has not been able to locate an official transcript of the hearing. The quotations are based on counsel's review of the recording. The pin cites to the term "Hearing" refer to timestamps in the video *available at*
https://livestream.com/legittv/34th/videos/223077066 (last accessed Jan. 24, 2023).

33. These legislative findings demonstrate that the V.I. Superior Court has not provided a "plain, adequate, and complete remedy" before the passage of Act 8468, but now with the passage of the Act every civil litigant over the age of 70 is entitled to have the Superior Court "set the matter for trial not more than 180 days from that date that the elderly party moves for preference[,]" with no continuances granted.  5 V.I.C. § 31(b)(4).  And those over 65 are able to seek a discretionary trial preference as well. 5 V.I.C. § 31(b)(2).  Consequently, civil litigants who do not fall under the ambit of Act 8468 will have to wait for the civil trials of the elderly to be conducted.  This will undoubtably have an impact in the V.I. Superior Court, as criminal cases will need to be resolved in a speedy manner as required by the 6th Amendment.  At bottom, civil litigants such as the parties in this case will be forced to the back of a very long line.  And, as Senator Novelle E. Francis, Jr. acknowledged, the Superior Ct. litigation could take literal decades to resolve.

34. Given the grim state of affairs in the Virgin Islands court system, *see* discussion *supra*, which is undoubtedly very compelling circumstances, the Plaintiff is forced to bring this case to this Court because the Virgin Islands court system cannot adequately protect the Plaintiff's rights and is evidently incapable of resolving the dispute (i.e. the Superior Ct. litigation).

**CAUSES OF ACTION**

**COUNT 1**
**(breach of contract)**

35. The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

36. The June 1, 2012, Promissory Note, Ex. 1, is a valid, binding contract that existed between the Parties.

37.     The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

### COUNT 2
### (breach of contract)

38.     The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

39.     The September 24, 2012, Promissory Note, Ex. 2, is a valid, binding contract that existed between the parties.

40.     The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

### COUNT 3
### (breach of contract)

41.     The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

DIRUZZO & COMPANY
401 EAST LAS OLAS BLVD., SUITE 1400, FT. LAUDERDALE, FL 33301 • T: 954.615.1676 • F: 954.827.0340 • WWW.DIRUZZOLAW.COM

42. The April 10, 2013, Promissory Note, Ex. 3, is a valid, binding contract that existed between the parties.

43. The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

### COUNT 4
### (breach of contract)

44. The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

45. The August 30, 2013, Promissory Note, Ex. 4, is a valid, binding contract that existed between the parties.

46. The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

## COUNT 5
### (unjust enrichment)

47.     The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

48.     In the alternative to Count 4, assuming that Ex. 4 does not qualify as a binding contract, the Plaintiff asserts this Count.

49.     The Defendant received the benefit of the funds as detailed in the August 30, 2013, Promissory Note, Ex. 4, notwithstanding that the Defendant did not sign the Note.

50.     It would be unconscionable for the Defendant to retain said funds.

51.     The Defendant breach the terms of the unexecuted contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for restitution for the value of the benefit received by the Defendant, and other relief that the Court deems appropriate under the circumstances.

## COUNT 6
### (breach of contract)

52.     The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

53.     The February 28, 2014, Promissory Note, Ex. 5, is a valid, binding contract that existed between the parties.

54. The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

## COUNT 7
### (breach of contract)

55. The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

56. The Oct. 16, 2014, Promissory Note, Ex. 6, is a valid, binding contract that existed between the parties.

57. The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

## COUNT 8
### (unjust enrichment)

58. The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

59.     In the alternative to Count 7, assuming that Ex. 6 does not qualify as a binding contract, the Plaintiff asserts this Count.

60.     The Defendant received the benefit of the funds as detailed in the Oct. 16, 2014, Promissory Note, Ex. 6, notwithstanding that the Defendant did not sign the Note.

61.     It would be unconscionable for the Defendant to retain said funds.

62.     The Defendant breach the terms of the unexecuted contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for restitution for the value of the benefit received by the Defendant, and other relief that the Court deems appropriate under the circumstances.

### COUNT 9
### (breach of contract)

63.     The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

64.     The May 11, 2015, Promissory Note, Ex. 7, is a valid, binding contract that existed between the parties.

65.     The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

## COUNT 10
**(unjust enrichment)**

66. The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

67. In the alternative to Count 9, assuming that Ex. 7 does not qualify as a binding contract, the Plaintiff asserts this Count.

68. The Defendant received the benefit of the funds as detailed in the May 11, 2015, Promissory Note, Ex. 7, notwithstanding that the Defendant did not sign the Note.

69. It would be unconscionable for the Defendant to retain said funds.

70. The Defendant breach the terms of the unexecuted contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for restitution for the value of the benefit received by the Defendant, and other relief that the Court deems appropriate under the circumstances.

## COUNT 11
**(breach of contract)**

71. The Plaintiff re-alleges paragraphs 1-34, *supra*, and incorporates said paragraphs by reference herein.

72. The Nov. 4, 2015, Promissory Note, Ex. 8, is a valid, binding contract that existed between the parties.

73. The Defendant breach the terms of the contract by failing to make the require interest payment(s) and failed to pay the amount of the Note, with applicable accrued interest by the stated "Maturity Date."

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages (i.e. face value of the Note), contractual interest, statutory interest, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Joseph A. DiRuzzo, III                                                                                 Dated: August 3, 2023
Joseph A. DiRuzzo, III
Fla. Bar No. 0619175
DIRUZZO & COMPANY
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)
jd@diruzzolaw.com


/s/ Daniel M. Lader
Daniel M. Lader
Fla. Bar No. 1004963
DIRUZZO & COMPANY
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)
dl@diruzzolaw.com