IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

```
_____x
PAUL M. MONTRONE REVOCABLE            :
TRUST OF 2010, ex rel.                :   Case No.  9:23-cv-81113
PAUL M. MONTRONE, Trustee,            :
          Plaintiff,                  :
v.                                    :
                                      :
KEVIN COGAN,                          :
          Defendant.                  :
_____x
```

## **RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW,** Plaintiff PAUL M. MONTRONE REVOCABLE TRUST OF 2010, *ex rel.* PAUL M. MONTRONE, Trustee, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(a), hereby moves this Court to enter partial summary judgment in its favor as to Counts 1, 2, 3, 6, and 11.

In support thereof, the Plaintiff states as follows.

### PROCEDURAL HISTORY

On August 3, 2023, the Plaintiff filed its Complaint against the Defendant for breach of contract and unjust enrichment. Counts 1, 2, 3, 6, and 11 bring causes of action for breach of contract based on various promissory notes executed by the Defendant in favor of the Plaintiff. *see* Complaint Exs. 1, 2, 3, 5, 8.

### STATEMENT OF MATERIAL FACTS

To the extent necessary, the Plaintiff incorporates by reference its Statement of Material Facts ("SOF") (including exhibits thereto), Doc. ## 11, 11-1 through 11-19, per Local Rule 56.1.

## APPLICABLE LAW

I. **SUMMARY JUDGMENT STANDARD**

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018).

As to timing, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added).

II. **BREACH OF CONTRACT**

Under New Hampshire law,[1] one must show the following to establish a breach of contract: "(1) that a valid, binding contract existed between the parties, and (2) that [the defendant] breached the terms of the contract." *Wilcox Indus. Corp. v. Hansen*, 870 F. Supp. 2d 296, 311 (D.N.H. 2012)

---

[1] Each of the promissory notes has a New Hampshire choice of law provision. *See, e.g.*, Doc. # 1-1 at § 4 ("This Note shall be construed and enforced in accordance with the laws of the State of New Hampshire, without giving effect to its conflict of laws provisions.").

(citing *Lassonde v. Stanton*, 157 N.H. 582, 588 (2008); *Bronstein v. GZA GeoEnvironmental, Inc.*, 140 N.H. 253, 255 (1995)).

"A promissory note is a contract evidencing a debt and specifying terms under which one party will pay money to another." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). As such, ordinary contract principles govern their enforcement. *See Phoenix Funding, LLC v. Aurora Loan Services, LLC*, 390 P.3d 174, 180 (N.M. 2017) ("[A]ctions to enforce negotiable instruments, including promissory notes, originated at common law."). Under general contract law, it is well accepted that "[i]t is the duty of every contracting party to learn and know the contents of a contract before he signs and delivers it." 1 Richard A. Lord, *Williston on Contracts* § 4:19, at 595 (4th ed. 2007) (cleaned up); *see also Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 237 (3d Cir. 2012) ("[P]arties are presumed to have knowledge of contracts they have signed.").

### III.   UNIFORM COMMERCIAL CODE

New Hampshire law defines a negotiable instrument as

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time; and (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

N.H. Rev. Stat. § 382-A:3-104.

It is well settled that a "promissory note is a negotiable instrument subject to the provisions of Article 3 of the Uniform Commercial Code" ("UCC"). *Galvin v. EMC Mortg. Corp.*, 27 F. Supp. 3d 224, 233 (D.N.H. 2014) (cleaned up). Under the UCC, the holder of an instrument may enforce it. *See* N.H. Rev. Stat. Ann. § 382-A:3-301. "A holder is a person who is in possession of an instrument drawn, issued, or indorsed to him or to his order." *LeDoux v. JP Morgan Chase, N.A.*, 2012 WL 5874314, at *5 (D.N.H. Nov. 20, 2012) (cleaned up).

## ARGUMENT

### I. THE DEFENDANT BREACHED THE TERMS OF THE RESPECTIVE CONTRACTS

All the elements of a breach of contract are present here: (1) each note is a valid contract as there was a debtor/credit relationship that the parties freely entered into, (2) the Defendant has breached by failing to abide by the notes' payment terms.[2] *Wilcox Indus. Corp., supra.* Indeed, no payments whatsoever have been made. SOF ¶ 28. And the Plaintiff has been damaged by being deprived of the utility of having the funds/money agreed to paid by the Defendant, which is unavailable to the Plaintiff. *See First Home Bank v. Extreme Elecs. Grp., LLC*, 2018 WL 4656293, at *2 (M.D. Fla. July 13, 2018) (addressing a breach of contract for a promissory note under New Hampshire law and detailing how the contractual terms were expressed in the promissory note, which was accepted and then breached by the defendant's failure to make payment(s)).

To reiterate, the Defendant has not paid the Plaintiff any of the principle or interest on the respective notes. SOF ¶ 28. The Plaintiff has been injured by the Defendant's failure to pay on the respective notes and the Plaintiff is thus entitled to recover damages that naturally flow from the

---

[2] *See* Complaint Ex. 1 (Doc. # 1-1); Ex. 2 (Doc. #1-2); Ex. 3 (Doc. #1-3); Ex. 5 (Doc. # 1-5); Ex. 8 (Doc. # 1-8).

breach and were reasonably contemplated by the parties at the time of contracting. *ConSeal Int'l Inc. v. Neogen Corp.*, 488 F. Supp. 3d 1257, 1268 fn.4 (S.D. Fla. 2020).  In this case, the damages are the principal and accumulated interest due under the terms of the respective notes.  *See* SOF ¶¶ 14, 16, 19, 22, 24, & 25 (accumulated interest and principal on the respective notes, i.e., $7,519,079.23 (calculated as of September 24, 2023)).[3]

The Defendant has also testified that he signed each of the promissory notes as it relates to Counts 1, 2, 3, 6, and 11.  SOF ¶ 26.  The Defendant is therefore presumed to know their contents and the consequences of executing them.  *See Fed. Dep. Ins. Corp. v. Eltrex Intern. Corp.*, 1994 WL 25 (D.N.H. Feb. 1, 1994) ("Even if the defendants' allegations are accepted as true and all reasonable inferences drawn in their favor, it is evident Sullivan both knew of the character of the proposed agreement and had reasonable opportunity to obtain knowledge of the essential terms before signing the agreement."); *Simeone v. Simeone*, 581 A.2d 162, 165 (Pa. 1990) ("Contracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains.").  The Defendant cannot avoid his obligations under the notes by claiming he did not know what they were or what they were for.

The Plaintiff assumes that the Defendant will argue that he received no consideration for the notes; the Defendant is wrong.  Each note states in its opening provision that it was given "for value received."  "A clause stating that an instrument was given 'for value received' ordinarily is

---

[3] Because the "Plaintiff provided the court with a copy of the promissory note which includes the information to calculate the interest and fees.... the Court need not hold a hearing on damages. Because the Court finds the Plaintiff has put forth sufficient evidence to support its claims." *First Home Bank*, 2018 WL 4656293, at *3.

sufficient evidence of consideration." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 866 (7th Cir. 2013). "[W]here a note is expressed to be for value received, that raises a presumption of a legal consideration sufficient to sustain the promise; ...." *Copp v. Sawyer*, 6 N.H. 386, 389 (N.H. 1833). "A promissory note, expressed to be for value received, imports a consideration, and the presumption of law is, that it was given for an adequate consideration. It is incumbent on the defendant to make out his defence, and to prove affirmatively that the note was given without consideration or obtained by fraud." *Haynes v. Thom*, 28 N.H. 386, 390 (N.H. 1854) (citation omitted).

Moreover, the Defendant did in fact receive value. The June 1, 2012, promissory note (Doc. # 1-1) cancelled the Defendant's pre-existing promissory notes, SOF ¶ 8, Exhibit N, SOF ¶ 11, Exhibit O, SOF ¶ 12, Exhibit P, and imposed a much more favorable interest rate, i.e. 0.23%. *Compare* Exhibit N (0.83%), Exhibit O (0.46%), Exhibit P (0.26%) *with* Doc. # 1-1 (0.23%).

The Defendant may also argue that he received unequal consideration, either in comparison to the Plaintiff or to his co-obligor and now ex-wife Michele Cogan. It is well settled, however, that "the law will not inquire into the adequacy of consideration. ... [T]he fact that the relative value or worth of the exchange is unequal is irrelevant so that anything which fulfills the requirement of consideration will support a promise, *regardless of the comparative value of the consideration and the thing promised.*" *Anderson v. Bryan*, 2015 WL 3526970, *4 (V.I. Super. Ct. June 1, 2015) (emphasis in original, citing *Williston on Contracts* § 7:21, 456–6 (collecting cases)). *See also Restatement (Second) of Contracts* § 79 (1981) ("If the requirement of consideration is met, there is no additional requirement of ... equivalence in the values exchanged"). Or, as the New Hampshire Supreme Court stated in *Panto v. Moore Bus. Forms, Inc.*, 547 A.2d 260, 268 (N.H. 1988): "[e]ven in that context, however, the

argument merely expresses a demand for consideration equivalent in character or value to the contractually enforceable promise, and such is not our law." "In sum, the consideration provided [to the Defendant] was more than the peppercorn of consideration the law requires to save the contract[s] from unenforceability." *Hobin v. Coldwell Banker Residential Affiliates, Inc.*, 744 A.2d 1134, 1138-1139 (N.H. 2000) (cleaned up).

Accordingly, as there are no material issues of fact that reasonably dispute that the Defendant failed to abide by the term of the promissory notes at issue in Counts 1, 2, 3, 6, and 11, the Court should enter judgment in the Plaintiff's favor on said counts for the Defendant's breach of contract.

## II.   UNIFORM COMMERCIAL CODE

In the alternative, the Court should enter summary judgment in favor of the Plaintiff on Counts 1, 2, 3, 6, and 11 as the Defendant's actions (or lack thereof) violated New Hampshire's version of the UCC.

There can be no reasonable dispute that the promissory notes at issue are negotiable instruments. *See* N.H. Rev. Stat. § 382-A:3-104. Every note contains the Defendant's promise to pay to the Plaintiff or to its order. Each note has a fixed rate of interest, is payable for a fixed term, and does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money. As such, the UCC as adopted by Hew Hampshire applies. *See Barnsley v. Empire Mortg. Ltd. Partnership V*, 720 A.2d 63, 64-65 (N.H. 1998) (applying UCC as adopted by New Hampshire to promissory note).

Under the UCC, "'[c]onsideration' means any consideration sufficient to support a simple contract." N.H. Rev Stat § 382-A:3-303(b). As explained above, consideration was given (i.e., "for

value received") for each note, and for, *inter alia,* consolidating preexisting debt at a lower interest rate.

The Plaintiff, pursuant to N.H. Rev. Stat. § 382-A:3-301, is entitled to enforce each promissory note as it is the holder of the notes. *See LeDoux, supra.* Accordingly, because the promissory notes are fully enforceable under the UCC by the Plaintiff, and the Defendant has failed to abide by the notes' respective payment terms, such qualifies as a breach, which is analyzed under general contract principles. *See DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie*, 2015 WL 5234569, at *16 (M.D. Fla. Sept. 8, 2015) (analyzing a failure to pay under a promissory note under a state law rubric for breach of contract). Thus, just as the Plaintiff has established that the Defendant breach the contracts (*see* discussion, *supra*, regarding elements of breach of contract under New Hampshire law), Plaintiff has also established that it is entitled to summary judgment on this alternative theory of liability.

Consequently, as there are no material issues of fact that reasonably dispute that the Defendant failed to abide by the terms of the promissory notes at issue in Counts 1, 2, 3, 6, and 11, the Court should enter judgment in the Plaintiff's favor on said counts on this alternative theory of liability.

## CONCLUSION

Because "of the relative simplicity of the issues involved, suits to enforce promissory notes are 'among the most suitable classes of cases for summary judgment.'" *Topalian v. Ehrman*, 954 F.2d 1125, 1137 (5th Cir.1992) (citations omitted). In the instant case, the terms of the promissory notes and the Defendant's failure to tender full payment cannot genuinely be disputed. Therefore, summary judgment in Plaintiff's favor is appropriate.

DiRuzzo & Company
401 East Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301 • T: 954.615.1676 • F: 954.827.0340 • WWW.DIRUZZOLAW.COM

**WHEREFORE**, as there are no material facts in dispute, the Court should enter partial summary judgment in the Plaintiff's favor on Counts 1, 2, 3, 6, and 11.

Respectfully submitted,

_____  Dated: Aug. 24, 2023
Joseph A. DiRuzzo, III
Fla. Bar No. 0619175
DIRUZZO & COMPANY
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)
jd@diruzzolaw.com


/s/ Daniel M. Lader
Daniel M. Lader
Fla. Bar No. 1004963
DIRUZZO & COMPANY
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)
dl@diruzzolaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on Aug. 24, 2023, a true and correct copy of the foregoing has been filed via ECF and that a NEF will be provided to counsel of record.

_____
Joseph A. DiRuzzo, III