# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

_____x
PAUL M. MONTRONE REVOCABLE           :
TRUST OF 2010, *ex rel.*             :     Case No.  9:23-cv-81113
PAUL M. MONTRONE, Trustee,           :
       Plaintiff/Counter-Defendant, :
v.                                   :
                                     :
KEVIN COGAN,                         :
       Defendant/Counter-Plaintiff. :
                                     :
_____x
KEVIN COGAN                          :
       Third-Party Plaintiff,       :
v.                                   :
                                     :
MICHELE MONTRONE COGAN and           :
PAUL M. MONTRONE,                    :
       Third-Party Defendants.      :
_____x

## MOTION TO DISMISS AMENDED COUNTERCLAIMS

**COMES NOW,** Plaintiff/Counter-Defendant PAUL M. MONTRONE REVOCABLE TRUST OF 2010, *ex rel.* PAUL M. MONTRONE, Trustee ("Plaintiff"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 9 and 12(b)(6), moves to dismiss the Defendant/Counter-Plaintiff's ("Defendant") Amended Counterclaim (Doc. # 95). In support thereof, Plaintiff states as follows.

### PROCEDURAL HISTORY & INTRODUCTION

On November 29, 2023, Cogan filed his Counterclaims against the Plaintiff. Doc. # 39. The Counterclaim brought five counts: (I) Fraud, (II) Conspiracy, (III) Fraudulent Inducement, (IV) Breach of Implied Covenant of Good Faith and Fair Dealing, and (V) Breach of Fiduciary Duty. *See* Doc. # 39 at 10-23.  Plaintiff moved to dismiss arguing that the Counterclaim had problems under

Rule 9, and 12(b)(6).  *See* Doc. # 50 at 5-15.

On April 23, 2024, the Court entered an order dismissing Cogan's Counterclaims without prejudice.  Doc. # 84.

In response, on May 28, 2024, Cogan filed his Amended Counterclaims, with virtually identical allegations, and setting forth the same causes of action, to wit: (I) Fraud, (II) Conspiracy, (III) Fraudulent Inducement, (IV) Breach of Implied Covenant of Good Faith and Fair Dealing, and (V) Breach of Fiduciary Duty. Doc. # 95 at 10-24.

The Amended Counterclaim suffers the same defects as the initial Counterclaim.  It should likewise be dismissed, but this time *with prejudice.*

## APPLICABLE LAW

### I. RULE 9'S HEIGHTENED PLEADING STANDARD

When a claim sounding in fraud is alleged, the complaint "must satisfy the heightened pleading standards embodied in Federal Rule of Civil Procedure 9(b), which requires the plaintiff to state with particularity the circumstances constituting fraud." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020) (cleaned up). To do so, a plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendants gained by the alleged fraud." *Id.* (cleaned up). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Zeimba v. Cascade Int'l, Inc.* 256 F.3d 1194, 1202 (11th Cir. 2001) (cleaned up).

## II. FAILURE TO STATE A CLAIM

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (cleaned up), *abrogated on other grounds by Mohamed v. Palestinian Autho.*, 566 U.S. 449 (2012).

"[A] statute of limitations creates a time limit for suing in a civil case, based on the date when the claim accrued." *CTS Corp. v. Waldburger*, 134 S. Ct 2175, 2182 (2014) (cleaned up). A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate when it is apparent from the face of the complaint that the claim is time-barred. *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir.2003).

## III. SUBSTANTIVE CAUSES OF ACTION

### A. Fraud

In order

> [t]o allege a claim for common law fraud under Florida law, a party must set forth the following: 1) the defendant made a false statement or omission of material fact; 2) the defendant knew the statement was false; 3) the statement was made for the purpose of inducing plaintiff to rely on it; 4) plaintiff's reliance was reasonable; and 5) plaintiff suffered damages.

*Arnold v. McFall*, 839 F. Supp. 2d 1281, 1289 (S.D. Fla. 2011) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir. 1999)).

### B. Conspiracy

"Florida does not recognize civil conspiracy as a freestanding tort." *Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97, 103 (Fla. 3d DCA 2019) (cleaned up). Thus, "[t]he conspiracy does not give rise to an independent cause of action, but is a device to allow a plaintiff to spread liability to those involved in causing the underlying tort." *Id.* (cleaned up); *see also Lorillard Tobacco Co. v. Alexander*, 123 So.3d 67, 80 (Fla. 3d DCA 2013) ("Conspiracy is not a separate or independent tort but is a vehicle for imputing the tortious acts of one coconspirator to another to establish joint and several liability.") (citation omitted). "The conspiracy therefore, is inextricably linked with the underlying tort." *Tejera*, 271 So. 3d at 103 (cleaned up).

### C. Fraudulent Inducement

The elements required to establish fraudulent inducement include:

> (1) a misrepresentation of a material fact; (2) the representer of the misrepresentation, knew or should have known of the statement's falsity; (3) intent by the representation that the representation will induce another to rely and act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation.

*Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 742 (11th Cir. 1995).

### D. Breach of Implied Covenant of Good Faith and Fair Dealing

Because the implied covenant of good faith and fair dealing applies to contracts, the choice of law provision of the promissory notes applies. Under New Hampshire law[1] "[i]n every agreement, there is an implied covenant that the parties will act in good faith and fairly with one another."

---

[1] Each of the promissory notes has a New Hampshire choice of law provision. *See, e.g.*, Doc. # 1-1 at § 4 ("This Note shall be construed and enforced in accordance with the laws of the State of New Hampshire, without giving effect to its conflict of laws provisions.").

4

MARGULIS GELFAND DIRUZZO & LAMBSON
401 EAST LAS OLAS BLVD., STE 1400, FT. LAUDERDALE, FL 33301 • T: 954.615.1676 • F: 954.827.0340 • WWW.MARGULISGELFAND.COM

*Richard v. Good Luck Trailer Court*, 157 N.H. 65, 70 (2008). In New Hampshire, there is not merely one rule of implied good-faith duty, but a series of doctrines, each of which serves different functions. *Great Lakes Aircraft Co. v. City of Claremont*, 135 N.H. 270, 293 (1992). The various implied good-faith obligations fall into three general categories: (1) contract formation; (2) termination of at-will employment agreements; and (3) limitation of discretion in contractual performance. *Id.*

      **E.**      **Breach of Fiduciary Duty**

"The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002).

<div align="center">ARGUMENT</div>

**I.**      THE FRAUD COUNTS (COUNTS I, II, & III) MUST BE DISMISSED PER RULE 9

      **A.**      **Failure to Comply with Rule 9s Heighten Pleading Standard**

            **1.**      **Count I – Fraud**

The amended Counterclaim fails to allege any precise purportedly fraudulent statement Plaintiff made. Indeed, a review of the amended Counterclaim leads to the unanswered question: *What false statement(s) did Plaintiff's make that the Defendant relied on?* To that end, the factual allegations section of the Amended Counterclaim, *see* Doc. # 95 at 12-17 ¶¶ 26-53, fails to detail any statement of Plaintiff.

For example, paragraph 36 alleges, "Plaintiff/Counter-Defendant [], Montrone, and Michele knowingly deceived Kevin Cogan into signing fraudulent promissory notes for which they knew Kevin Cogan had not received the required consideration alleged in Plaintiff's complaint." This allegation fails to comply with Rule 9 for a few reasons.

*First*, and considerably revealing, if the Defendant was the recipient of deception, he should be in a position to detail how exactly he was deceived by the statement(s) of Plaintiff. The *verified* Amended Counterclaims (just like the verified Counterclaims) fails to do so, even though all of this information should be known to the Defendant. *Second,* the Amended Counterclaims fails to detail the precise statements, documents, or misrepresentations made. *Cisneros*, 972 F.3d at 1216. *Third*, any individual who made any fraudulent statement, together with the date, time, place of the statement is conspicuously absent from the allegations in the amended Counterclaim. *See id. Fourth*, the content and manner in which any statement misled the Defendant are absent. *See id. Fifth, and, finally*, any benefit Plaintiff gained by the by the alleged fraud is also omitted. *See id.*

Paragraph 40 is likewise lacking. In that paragraph, the Defendant alleges that

> In 2016, utilizing both the fraudulently obtained promissory notes and the unexecuted promissory notes, Plaintiff/Counter-Defendant [], Montrone, and Michelle attempted to convince Kevin Cogan via telephone calls, electronic mail, and postal mail, to sign a mortgage, encumbering the property and indebting himself to Plaintiff based upon fraudulent and unexecuted promissory notes for which they knew Kevin Cogan had not received the required consideration alleged in the Plaintiff's/Counter-Defendants complaint.

Doc. # 95 at 14-15 ¶ 40.

This paragraph leaves far more questions than answers. For example,

- When did the telephone calls occur, what telephone numbers made and received the calls, and most importantly what was said?
- When were the emails sent, what email addresses were used to send and receive them, what did the emails say, and why were they not attached to the Amended Counterclaim?
- When were the letters mailed, what was said, and why were they not attached to the Amended Counterclaim?

At bottom, this paragraph – writ small – and the Amended Counterclaim – writ large – fails to comply with Rule 9 and must be dismissed. *See Cisneros, supra*.

### 2. Count II – Conspiracy

Since civil conspiracy is not a freestanding tort, Count II is not an independent cause of action. *Tejera,* 271 So. 3d at 103. Instead, it is linked with the underlying tort, *id.*, which in this case is fraud. Accordingly, Rule 9 applies with full force to Count II. And just as Count I fails to comply with Rule 9, *see* discussion *supra,* so does Count II. Accordingly, Count II must be dismissed. *See Cisneros, supra*.

Moreover, Count II has individual shortcomings, including the conspicuous failure to detail the who, what, when, where, and why of any purportedly fraudulent statement. For example, paragraphs 61-64 provide specific dates, but fail to describe what was said, who said it, how the statements were fraudulent in nature, and what Plaintiff gained. *See Cisneros*, 972 F.3d at 1216 (four prong test under Rule 9). These failures are fatal and Count II must be dismissed.

### 3. Count III – Fraudulent Inducement

Similar to the other counts, Count III has individual shortcomings, including the conspicuous failure to detail the who, what, when, where, and why of the purportedly fraudulently inducing statement(s).

Additionally, Doc. # 95 at 20 ¶ 69 alleges that "Montrone intentionally and knowingly misrepresented material facts" to the Defendant but fails to detail any misrepresented material fact or allege when any statement was made or anything Plaintiff had to gain. *See Cisneros, supra.* Indeed, none of the specific paragraphs in Count III (i.e., Doc. # 95 at 20 ¶¶ 68-73) describe any specific fraudulent misrepresentation.

<div style="text-align:center">***</div>

7

MARGULIS GELFAND DIRUZZO & LAMBSON
401 EAST LAS OLAS BLVD., STE 1400, FT. LAUDERDALE, FL 33301 • T: 954.615.1676 • F: 954.827.0340 • WWW.MARGULISGELFAND.COM

In sum, all of the fraud counts fail to comply with Rule 9's strictures. Accordingly, each must be dismissed.

## II.   FAILURE TO STATE A CLAIM

In addition to the Amended Counterclaim's failure to comply with Rule 9, it also must be dismissed, pursuant to Rule 12(b)(6), for the independent grounds that each count fails to state a claim.

### A.   Fraud

The promissory notes at issue, *see* Doc. # 1-1 through 1-8, were dated 2012 through 2015. The statute of limitations for fraud is four years. *Jerue v. Drummond Co., Inc.*, 2017 WL 10876737, at *6 (M.D. Fla. Aug. 17, 2017) (citing Fla. Stat., § 95.11 (3)(j)). Thus, the last date to bring a claim for fraud would have been November 4, 2019 (four years after the Nov. 4, 2015, promissory note (i.e., the most recent note) was made, *see* Doc. # 1-8). Accordingly, the Defendant's fraud claim is time barred and must be dismissed.

Additionally, Count I fails to allege the necessary elements of fraud.

*First*, while the Amended Counterclaim not only fails to mention the word "material," it fails to present facts that would reasonably/objectively allege that any specific false statements was/were material to the Defendant being induced to take some action. This conclusory allegation does not meet the Defendant's pleading requirements. *See Jackson*, 372 F.3d at 1262-63.

*Second*, a close inspection of the Amended Counterclaim demonstrates that *each* element of fraud is lacking. Specifically, the Amended Counterclaim fail to detail (in conformity with the pleading standards under Fed. R. Civ. P. 8 and 9) (i) any specific false statement Plaintiff made to the Defendant that was material, *see Arnold*, 839 F. Supp. 2d at 1289 (listing elements of fraud); (ii)

that Plaintiff knew that the purported fraudulent statements were false, *id.*; (iii) that Plaintiff's statement(s) was/were made to induce the Defendant to rely on it/them, *id.*; (iv) that the Defendant's reliance was reasonable, *id.*; and (v) what, exactly, are the Defendant's damages, *id.*

Interestingly, in the Defendant's verified amended Answer, he claims to lack knowledge over the eight promissory notes that form the factual basis of this case and controversy. *Compare* Doc. #1 at 2-3 (¶ 7, detailing and attaching 8 promissory notes) *with* both Doc. # 39 at 2 (¶ 7, "Defendant is without knowledge of the allegations contained in paragraph 7 of Plaintiff's Complaint, and, therefore, denies the allegations contained therein.") *and* Doc. # 95 at 2 (¶ 7 (same)). The Defendant should be estopped from taking the inconsistent position of claiming fraud on the same promissory notes that he allegedly knows nothing about. Moreover, one would think that if the Defendant had purportedly paid any money to Plaintiff that was in anyway improper, he would be more than able to detail what those payments were. The failure to do so speaks volumes.

At bottom, the Defendant's fraud allegations are wanting and Count I fails to state a claim.

**B.     Conspiracy**

Given that "Florida does not recognize civil conspiracy as a freestanding tort[,]" *Tejera,* 271 So. 3d at 103, this count must be dismissed as it is not a viable cause of action (and, at best, duplicative of the other fraud counts).

**C.     Fraudulent Inducement**

Although it is not entirely clear, it seems that the entire crux of the Defendant's allegation is that Plaintiff got the Defendant to sign promissory notes that the Defendant did not want to sign. Thus, it seems that the Defendant's fraud counts are, at its core, a simple fraudulent inducement case. Thus, by necessary extension, and at the minimum, Counts I and II should be dismissed as

9

MARGULIS GELFAND DIRUZZO & LAMBSON
401 EAST LAS OLAS BLVD., STE 1400, FT. LAUDERDALE, FL 33301 • T: 954.615.1676 • F: 954.827.0340 • WWW.MARGULISGELFAND.COM

duplicative of Count III.

Further, the Florida statute of limitations for fraudulent inducement is four years. *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1213 (Fla. 4th DCA 2005) (citing Fla. Stat., § 95.11(3)(j)). Thus, similar to the fraud count, the last date to bring a claim for fraudulent inducement would have been November 4, 2019.[2] Accordingly, the Defendant's fraudulent inducement claim is time barred.

Additionally, Count III fails to allege the necessary elements of fraudulent inducement. Specifically, what exactly was Plaintiff's misrepresentation of a material fact? *See Pulte Home*, 60 F.3d 742 (detailing elements). How did Plaintiff know that the purported fraudulent statements were in fact false? *See id*. How was any statement of Plaintiff intended to induce the Defendant to rely on it? *See id*. And how was the Defendant's reliance on the allegedly false statement reasonable? *See id*. This count fails to provide these basic and essential pleading requirements for a fraudulent inducement cause of action.

Thus, just as the fraud count failed to state a claim so too does the fraudulent inducement count fail to state a claim. Count III must be dismissed under Rule 12(b)(6).

**D.  Breach of Implied Covenant of Good Faith and Fair Dealing**

Because the implied covenant of good faith and fair dealing applies to contracts, the choice of law provision of the promissory notes applies.

And,

> [u]nder New Hampshire law, a personal action, other than for libel or slander, "may be brought only within 3 years of the act or omission complained of" or "within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence

---

[2] The Defendant's answer and counterclaim (dated Oct. 16, 2021) in the USVI litigation failed to allege fraudulent inducement.

should have discovered, the injury and its causal relationship to the act or omission complained of."

*Sykes v. RBS Citizens, N.A.*, 2 F. Supp. 3d 128, 140 (D.N.H. 2014) (quoting N.H. Rev. Stat. Ann. § 508:4). "In a contract action, the relevant act or omission is a party's alleged breach; thus, the statute of limitations begins to run when the alleged breach occurs, or when the plaintiff knew or reasonably should have known that a breach occurred." *Id.* (cleaned up).

Given that Plaintiff brought his lawsuit in the USVI based on the eight promissory notes on September 21, 2016, and assuming that is the date on which the Defendant knew of the breach (a point Plaintiff is only willing to concede for purposes of this motion)[3] the Defendant had until 2019, to bring his breach of implied covenant of good faith and fair dealing claim.[4]  Thus, pursuant to N.H. Rev. Stat. Ann. § 508:4, Count IV is time barred.

Of the three species of implied good-faith obligations, *see Great Lakes Aircraft*, 135 N.H. 270, 293 (detailing three categories), only the first (i.e., contract formation) could possibly be relevant here.  *See* Doc. # 95 at 21 ¶ 77 (alleging a "fraudulent attempt to convince Kevin Cogan to sign predated promissory notes for which they knew Kevin Cogan had not received the required consideration alleged in the Plaintiff's/Counter-Defendant Complaint.").  Thus, it appears that the respective contracts, according to the Defendant, are not legally enforceable for want of consideration.

---

[3] Given the overlapping subject matter of the actions, that is necessarily the *latest* date that the Defendant reasonably *should have* known.

[4] The Defendant's answer and counterclaim (dated Oct. 16, 2021) in the USVI litigation failed to allege breach of implied covenant of good faith and fair dealing.

However, each note (Doc. # 1-1 through 1-8) states in its opening provision that it was given "for value received." "A clause stating that an instrument was given 'for value received' ordinarily is sufficient evidence of consideration." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 866 (7th Cir. 2013). "[W]here a note is expressed to be for value received, that raises a presumption of a legal consideration sufficient to sustain the promise...." *Copp v. Sawyer*, 6 N.H. 386, 389 (N.H. 1833). And any claim that the Defendant did not read what he signed necessarily fails as under general contract law, it is well accepted that "[i]t is the duty of every contracting party to learn and know the contents of a contract before he signs and delivers it." 1 Richard A. Lord, *Williston on Contracts* § 4:19, at 595 (4th ed. 2007) (cleaned up); *see also Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 237 (3d Cir. 2012) ("[P]arties are presumed to have knowledge of contracts they have signed."); *Fed. Dep. Ins. Corp. v. Eltrex Intern. Corp.*, 1994 WL 25 (D.N.H. Feb. 1, 1994) ("Even if the defendants' allegations are accepted as true and all reasonable inferences drawn in their favor, it is evident Sullivan both knew of the character of the proposed agreement and had reasonable opportunity to obtain knowledge of the essential terms before signing the agreement.").

Accordingly, Count IV fails to state a claim for breach of implied covenant of good faith and fair dealing under New Hampshire law as the Defendant received consideration as reflected in the promissory notes he signed (notwithstanding the fact that he disclaimed knowledge of the promissory notes).

E.   **Breach of Fiduciary Duty**

The applicable limitations period for breach of fiduciary duty claim is four years. *Brouwer v. Wyndham Vacation Resorts, Inc.*, 336 So. 3d 372, 373 (Fla. 5th DCA 2022) (citing Fla. Stat. § 95.11(3)(p)). The last date to bring a claim for breach of fiduciary duty would have been November


4, 2019.[5]  This count is necessarily time barred.

Additionally, Count V necessarily fails as Plaintiff has no duty, let alone a fiduciary duty, to the Defendant.  The Defendant alleges that there were "fiduciary duties existing between the parties, which arose from the special relationship of trust and confidence existing between Kevin Cogan, as a party to the promissory note."  Doc. # 95 at 23 ¶ 83.  This is problematic for a few reasons.

*First*, as stated above, the Defendant has disclaimed any knowledge of the eight (8) promissory notes at issue in this case. *Second*, under Florida law, "[a] fiduciary is a person who stands in a special relationship of trust, confidence, or responsibility in his obligation to others." *Alvarez v. State*, 800 So. 2d 237, 238 n. 1 (Fla. 3d DCA 2001).  By its very nature a lender and a borrower are adverse to each other with their own unique economic positions; thus, in general,[6] a lender cannot be a fiduciary to a borrower.  *Third*, the Amended Counterclaim's vague reference to a "special relationship" is insufficient to satisfy the necessary element that the breach of the purported duty

---

[5] The Defendant's answer and counterclaim (dated Oct. 16, 2021) in the USVI litigation failed to allege a breach of fiduciary duty.

[6] The Third DCA has observed that there can be an exception, that is:

> Depending upon the specific factual circumstances, courts have found the existence of fiduciary relationships between borrowers and lenders. Such relationships have been found where the bank knows or has reason to know that the customer is placing trust and confidence in the bank and is relying on the bank so to counsel and inform him. Additionally, special circumstances may impose a fiduciary duty where the lender takes on extra services for a customer, receives any greater economic benefit than from a typical transaction, or exercises extensive control.

*Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So. 2d 204, 208 (Fla. 3d DCA 2003) (cleaned up).

However, the Amended Counterclaim fails to allege the Defendant relied on Plaintiff to counsel and inform or was subject to extensive control by Plaintiff (because in all events, neither occurred).

was the proximate cause of the Defendant's damages. *See Gracey*, 837 So. 2d 353 (elements of cause of action).

Accordingly, because there was no fiduciary relationship between the parties, this cause of action fails as a matter of law. Furthermore, the Defendant has failed to plead in sufficient detail how Plaintiff abused his purported special relationship in a manner that proximately caused the Defendant to suffer damages. Count V must also be dismissed.

## CONCLUSION

**WHEREFORE**, as detailed above, the Court should grant the instant motion in full and dismiss each count of the Defendant's Amended Counterclaim *with prejudice.*

| Respectfully submitted, | Dated: May 31, 2024 |
|---|---|
| /s/ Joseph A. DiRuzzo, III | /s/ Daniel M. Lader |
| Joseph A. DiRuzzo, III | Daniel M. Lader |
| Fla. Bar No. 0619175 | Fla. Bar No. 1004963 |
| MARGULIS GELFAND DIRUZZO & LAMBSON | MARGULIS GELFAND DIRUZZO & LAMBSON |
| 401 East Las Olas Blvd., Suite 1400 | 401 East Las Olas Blvd., Suite 1400 |
| Ft. Lauderdale, FL 33301 | Ft. Lauderdale, FL 33301 |
| 954.615.1676 (o) | 954.615.1676 (o) |
| 954.827.0340 (f) | 954.827.0340 (f) |
| jd@margulisgelfand.com | dan@margulisgelfand.com |

## LOCAL RULE 7.1 CERTIFICATE

I **HEREBY CERTIFY** that the instant motion is exempt from the meet and confer requirement of Local Rule 7.1(a)(3) as this motion seeks to dismiss for failure to state a claim.

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III

## CERTIFICATE OF SERVICE

    I **HEREBY CERTIFY** that on May 31, 2024, a true and correct copy of the foregoing has been filed via ECF and that a NEF will be provided to all counsel of record.

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III

MARGULIS GELFAND DIRUZZO & LAMBSON
401 EAST LAS OLAS BLVD., STE 1400, FT. LAUDERDALE, FL 33301 • T: 954.615.1676 • F: 954.827.0340 • WWW.MARGULISGELFAND.COM