UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-81113-REINHART

PAUL M. MONTRONE REVOCABLE
TRUST OF 2010, et al,

        Plaintiffs,

v.

KEVIN COGAN,

        Defendant.

_____/

**AMENDED OMNIBUS ORDER ON PLAINTIFFS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF Nos. 122,123]**

In 2016, Plaintiffs filed a lawsuit in the Virgin Islands to collect monies allegedly owed by the Defendant. ECF No. 1 at ¶13. That lawsuit has stalled in the Virgin Islands courts. *Id.* ¶20–34. So, in 2023, Plaintiffs sued Defendant here for the same relief being sought in the Virgin Islands.

The Complaint in this case asserts eight claims for breach of contract relating to promissory notes dated 2012–2015, and in the alternative three claims for unjust enrichment. ECF No. 1. On November 11, 2024, I granted Plaintiffs' Motion for Partial Summary Judgment as to the breach of contract claims 1, 2, 3, 6, and 11. ECF

No. 120. Three breach of contract claims remain (4,7, and 9), and three corresponding unjust enrichment claims remain (5, 8, and 10). ECF No. 122.[1]

The Plaintiffs now seek partial summary judgment on the three remaining breach of contract claims or, in the alternative, on the unjust enrichment claims. ECF No. 122. The promissory notes relating to those claims are dated August 30, 2013, October 16, 2014, and May 11, 2015. ECF Nos. 1-4, 1-6, 1-7. Notes 4, 7, and 9 have a New Hampshire choice-of-law provision and are signed by Michelle Cogan but not Kevin Cogan. *Id.*  The time for a response to Plaintiffs' Second Motion for Partial Summary Judgment has expired.

The Defendant, Kevin Cogan, moves for judgment on the pleadings on all counts, under Federal Rule of Civil Procedure 12(c), citing the statute of limitations. ECF No. 123. I have reviewed the Motions, the Response to the Motion for Judgment on the Pleadings, and Plaintiffs' Motion for Reconsideration. ECF Nos.123, 125, 128. For the reasons stated below, Defendant's Motion for Judgment on the Pleadings is DENIED IN PART as MOOT and GRANTED IN PART and Plaintiffs' Second Motion for Partial Summary Judgment is DENIED as MOOT.

I. LEGAL PRINCIPLES

1. <u>Judgment on the Pleadings</u>

Federal Rule of Civil Procedure 12(c) provides that "'[a]fter the pleadings are closed-but early enough not to delay trial, a party may move for judgment on the

---

[1] For ease of reference, I will refer to the notes corresponding to counts 4, 7, and 9 as "notes 4, 7, and 9."

pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when "no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010); accord *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). All facts alleged in the complaint are accepted as true, and the inferences drawn therefrom must be viewed in a light most favorable to the non-moving party. *Cunningham*, 592 F.3d at 1255; *Hawthorne*, 140 F.3d at 1370.

On a motion for judgment on the pleadings, documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir.2002) (applying the doctrine that allows documents outside the pleadings to be considered on a motion to dismiss under Rule 12(b)(6) only when the documents are central to the claim and undisputed to the motion for judgment on the pleadings context under Rule 10(c)); *cf. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005) (affirming the district court's reliance on a contract that was not attached to the parties' complaint but was submitted by the defendants along with their motion to dismiss under Rule 12(b)(6), because the contract was central to the plaintiffs' complaint, and its authenticity was not in dispute).

2. <u>Unjust Enrichment and Breach of Contract</u>

Florida courts recognize a cause of action for unjust enrichment to prevent the wrongful retention of a benefit, or the retention of money or property of another, in

violation of good conscience and fundamental principles of justice or equity. *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579 (11th Cir. 2013). To establish a claim for unjust enrichment, a plaintiff must show (1) that the "plaintiff [] conferred a benefit on the defendant, who has knowledge thereof"; (2) that the defendant "voluntarily accept[ed] and retain[ed] the benefit conferred"; and (3) that "the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994). "The statute of limitations for an unjust enrichment claim begins to run at the time the alleged benefit is conferred and received by the defendant." *Flatirons Bank v. Alan W. Steinberg Ltd. P'ship,* 233 So. 3d 1207, 1213 (Fla. Dist. Ct. App. 2017).

An unjust enrichment claim and a breach of contract claim may be pled simultaneously so long as the existence of the contact has not been proven and the parties have not otherwise stipulated to the existence of a contract. *See Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1229 (S.D. Fla. 2009). But, "where an express contract governs the exact subject matter at issue, an unjust enrichment claim cannot lie." *Finch v. Morgan Stanley & Co. LLC*, No. 15-cv-81323, 2018 WL 8335747 *14 (S.D. Fla. June 29, 2018).

3. <u>Statute of Limitations</u>

"[A] cause of action ... arises once all the necessary elements are present. In the case of a contract action, it would be when the breach occurs." *Bronstein v. GZA GeoEnvironmental,* 140 N.H. 253, 255, 665 A.2d 369 (1995). In New Hampshire, a

contract claim must be brought within three years of when it arose. *Coyle v. Battles*, 147 N.H. 98, 782 A.2d 902 (2001). The same three-year rule applies to unjust enrichment claims. *Coyle v. Battles*, 147 N.H. 98, 782 A.2d 902 (2001).

The statute of limitations for negotiable instruments in New Hampshire is six years:

> (a) [A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.

N.H. Rev. Stat. § 382-A:3-118(1).

In Florida, the statute of limitations on breach of contract, including a written instrument is five years. Fla. Stat. § 95.11(2)(b). The statute of limitations on an unjust enrichment claim is four years. *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP,* 137 So. 3d 1081 (Fla. 3rd DCA 2014).

4. Relation-Back Doctrine

"A federal court sitting in diversity jurisdiction applies the substantive law of the forum state (in this case, [New Hampshire]) alongside federal procedural law." *Med. & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983 (11th Cir. 2020). Under Federal Rule of Civil Procedure 15, an amendment of a pleading relates back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

5

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). Here, New Hampshire law supplies the applicable statute of limitations. *Oduok v. Phillips,* 154 Fed. Appx. 878, 880–81 (11th Cir.2005).

5. <u>Equitable Tolling</u>

The doctrine of equitable tolling allows a court to toll the statute of limitations "until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Id.* The plaintiff bears the burden of showing that extraordinary circumstances exist warranting equitable tolling of the statute of limitations. *Id.*

"Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) The plaintiff must establish that tolling is warranted. *Id.* Tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent. *Id.*

6. <u>Acknowledgement of Debt</u>

Under New Hampshire law, "[t]he statute of limitations period may be tolled, however, by a party's acknowledgement of a subsisting debt with an admission that the party is liable and willing to pay. Specifically, the admission must be direct and unqualified. Awareness of a debt does not constitute an acknowledgement of an existing debt and a willingness to pay." *A & B Lumber Co., LLC v. Vrusho,* 151 N.H. 754, 756 (2005) at 756 (citations omitted) (cleaned up). "To toll the limitations period, an acknowledgment of debt must be more than a recognition of debt; it must be an admission of liability for an unpaid debt that the party is then willing to pay." *Premier Capital v. Gallagher,* 144 N.H. 284, 287 (1999).

## II.  DISCUSSION

Mr. Cogan's Motion for Judgment on the Pleadings as to the breach of contract claims is untimely as to counts 1, 2, 3, 6, and 11. The Court has already granted summary judgment in favor of the Plaintiffs as to those claims. ECF No. 120. Therefore, Mr. Cogan's motion is denied as moot insofar as it asks for judgment on Counts 1, 2, 3, 6, and 11.

Turning to counts 4, 7, and 9, and accepting the facts alleged in the complaint as true, New Hampshire law governs because it is the choice-of-law selected in the notes. According to the Complaint, the notes became due in July 2016. ECF No. 1 at ¶10; ECF No. 1-9. As discussed below, applying New Hampshire law, the statute of limitations for breach of contract ran in July 2019. And, the statute of limitations for

an action to enforce the obligation to pay on the promissory notes ran in July 2022. Plaintiffs did not initiate this action until August 2023. ECF No. 1.

Drawing the inferences in the light most favorable to the Plaintiffs and applying New Hampshire law, the unjust enrichment claims are also time-barred. Even assuming *arguendo* that Florida law applies to the unjust enrichment claims, the statute of limitations in Florida would have run in July 2021, which was two years before Plaintiffs filed this suit.

Plaintiffs argue their claims are timely because notes 4, 7, and 9, had maturity dates in 2016, 2017, and 2018 respectively, and any cause of action under the UCC falls within New Hampshire's six-year statute of limitations. I disagree. Even viewing the allegations in the pleadings in the light most favorable to Plaintiffs, notes 4, 7, and 9 became due in July 2016, which was the accelerated due date.

Each note contained the same "events of default" provision:

> **Events of Default**
>
> The occurrence of any of the following shall constitute an Event of Default:
>
> (a) The failure by Borrowers to make any payment of principal and interest under this Note when the same has become due and payable;

ECF No. 1-4, 1-6, 1-7. And, according to the Complaint, Plaintiffs declared all the notes to be in default on July 22, 2016. ECF No. 1 at ¶10. Specifically, the demand letter says "[] Michele and Kevin Cogan have failed to make the annual interest payments on *all* of the Promissory Notes and the trust hereby declares them to be in default of the terms and conditions of those Promissory Notes." ECF No. 1-9 at p. 2.

(emphasis added). In return, the Plaintiffs ask the Defendant (and Michelle Cogan) to execute a mortgage on the home no later than July 28, 2016. *Id.* The Defendant was asked to market and sell the property to pay Plaintiffs back, and if unsuccessful, Plaintiffs asked for a deed in lieu of foreclosure. *Id.* at 3.

On their faces, notes 4, 7, and 9 are "payable at a definite time" for purposes of the New Hampshire statute of limitations. N.H. Rev. Stat. § 382-A:3-118(1)(a). So, I turn to whether the July 22, 2016, demand letter accelerated the due date. *See id.* The answer is yes. The Plaintiffs' language clearly demanded immediate payment of the full debt: "you failed to make annual interest payments, all promissory notes are in default, give us a mortgage by July 28, 2018, sell the house, and pay us back. If you can't, give us the deed or we will foreclose. If you don't, we will sue on the amount due." *See In re St. Onge,* 317 B.R. 39 (Bankr. D.N.H. 2004) (finding a letter stating that the note had been dishonored and the debtor intended to collect the debt to be sufficient notice of default and acceleration). *See also In re Est. of Shaw,* No. 2015-0312, 2016 WL 3475781 (N.H. Mar. 18, 2016) (considering an argument that there was "no language ... that all payments are due or anything to that effect" and that the motion for distribution "mentions nothing about acceleration of the ... loan" but, finding that the trial court did not err in finding a note to be accelerated for other reasons). The July 2016 accelerated due date started the six-year limitations period. That period expired in July 2022, approximately one year before Plaintiffs filed this action.

Plaintiffs argue that the filing of the Virgin Islands case tolled the statute of limitations for their claims in this lawsuit. They argue it "is axiomatically true [that] the filing of a lawsuit tolls the running of the statute of limitations as long as that case is not dismissed." ECF No. 125 at 10. That conclusion may be true for subsequent lawsuits in the jurisdiction where the first lawsuit is pending, but Plaintiffs cite no authority for the proposition that filing a lawsuit in one jurisdiction tolls the statute of limitations for the same claims in all other jurisdictions.

Moreover, the plain text of the relevant laws rejects Plaintiffs' argument. The New Hampshire statute of limitations says, "*an action* to enforce the obligation of a party to pay a note payable at a definite time *must be commenced* within six years after the due date or dates stated in the note if a due date is accelerated, within six years after the accelerated due date." N.H. Rev. Stat. § 382-A:3-118. (emphasis added). Federal Rule of Civil Procedure 3 says "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The current action commenced on August 3, 2023, which was more than six years after the debt became due. ECF No. 1.

Next, Plaintiffs say their 2023 complaint in this case relates back to the 2016 complaint in the Virgin Islands case. ECF No. 125 at p. 8. I disagree. The relation back doctrine applies to *amended* pleadings, not to newly-filed complaints. *Abram–Adams v. Citigroup, Inc.*, 491 Fed. App'x 972, 975 (11th Cir.2012); *Dade Cnty. v. Rohr Indus., Ind.*, 826 F.2d 983, 989 (11th Cir.1987). Plaintiffs have not cited, nor has the Court found, any case allowing a newly-filed complaint to relate back to a pleading in

a different litigation, let alone to a pleading in a different jurisdiction. In short, the relation back doctrine does not apply here.

Plaintiffs next argue equitable tolling based on the delays in the Virgin Islands court system. Plaintiffs filed their Virgin Islands case in 2016 and actively litigated until sometime in 2019 when the Virgin Islands Court continued a December 2019 status conference. ECF No. 1 at ¶¶ 14–20. In March 2020, the parties filed a "Joint Emergency Motion for Ruling on Critical Pending Motions." *Id.* at ¶ 21. In November 2020, the parties filed a joint petition for a writ of mandamus with the Virgin Islands Supreme Court. *Id.* at ¶ 23. According to the complaint, the joint emergency motion and the petition for a writ of mandamus remain pending to date. *Id.* at ¶¶ 26–27.

In July 2021, the Virgin Islands Rules and Judiciary Committee held a hearing. *Id.* at ¶30. The Committee recognized that there is a backlog of cases and decided to prioritize cases involving groups of people who are "at-risk"—seniors and the terminally ill. *Id.* The plaintiffs in this case do not fall into either category, so their lawsuit remains pending in the Virgin Islands. Plaintiffs did not file their Complaint in this jurisdiction until August 2023— over two years after the July 2021, priority notice.

So, under the doctrine of equitable tolling, the question before me is whether the Plaintiffs were diligent in bringing their claims to this jurisdiction. *Arce*, 434 F.3d at 1261. The answer is no. The Plaintiffs were on notice that their lawsuit would remain at a standstill as of July 2021. But, it was not until over two years later that Plaintiffs filed their lawsuit in the Southern District of Florida. ECF No. 1 at ¶34.

11

Plaintiffs say they did so "given the grim state of affairs in the Virgin Islands," but do not explain their two-year delay or how that delay was "unavoidable even with diligence. *Id*; *Arce,* 434 F.3d at 1261. It was plaintiffs' burden to show that "extraordinary circumstances existed that were both beyond plaintiffs' control and unavoidable even with diligence". *Arce*, 434 F.3d at 1261. Plaintiffs have shown extraordinary circumstances but have failed to show how their two-year delay was unavoidable even with diligence.

Finally, Plaintiffs argue that the Defendant acknowledged the debt in 2017 and therefore the statute of limitations should be tolled. ECF No. 125 at pp. 11–12. This fact is not alleged in the Complaint.

In their Response, Plaintiffs cite to a transcript of a divorce proceeding in July 2017. ECF No. 125-1. Primarily, they rely on the following sworn testimony by the Defendant as the alleged acknowledgement of the debt:

```
10      Q   Do you owe Mr. Montrone any money?
11      A   I do.
12      Q   How much?
13      A   I owe him $3.9 million -- half of $3.9 million for the
14   construction of this house, that was in 2008; the 770 some
15   thousand dollars, half of it; the Scotia mortgage that he paid
16   off; and I think another couple $100,000 that are a Wells Fargo
17   loan that was -- I have no idea how they were doing it, but he
18   applied that to one of the notes.
```

```
 8              THE COURT:  What's the number in your head that you
 9    think you owe Mr. Montrone?  And then we can break it down.
10         (Pause)
11              THE WITNESS:  Half of, I believe, $4.9 million.
12              THE COURT:  Thank you.
```

ECF No. 125-1 at 36. Plaintiffs also cite two instances in the divorce case where Defendant testified that Plaintiffs were entitled to be paid all the debts owed by Defendant or his ex-wife. These statements are not tied to any particular promissory notes. There also is no admission that Defendant — as opposed to his ex-wife — personally owes what money. ECF No. 125 at 11-12 (referencing what "we" owe and "our" debts); *see also id.* at 41 (questions about obligation to pay "all notes that were signed by either you or Michele").

I exercise my discretion not to consider the divorce hearing transcript because it is outside of the pleadings, and it is not central to the claims at issue. *Horsley,* 304 F.3d at 1134–35. This transcript is from a divorce proceeding in another jurisdiction where the findings of fact, issues of law, and parties in that proceeding are unrelated to those in this case. ECF No. 125-1 at 42-43.

Even if I were to consider the divorce proceeding transcript, the alleged acknowledgment was not a "direct and unqualified" admission that this Defendant (1) owes the amounts covered by notes 4, 7, and 9 and (2) is willing to pay those amounts. Although Defendant admits he owes one of the Plaintiffs — Paul Montrone

13

— money, it is unclear whether he admits to half of $3.9 million or half of $4.9 million. *Compare* ECF No. 125-1 at p. 37 *with* ECF No. 125-1 at p. 38. There is no specific reference to notes 4, 7, and 9, which total $450,000.[2] Defendant is not a signatory to notes 4, 7, and 9. Even viewed in the light most favorable to Plaintiffs, these facts do not evince a direct and unqualified admission in 2017 that Defendant was obligated to pay (and willing to pay) notes 4, 7, and 9.

---

[2] To the extent Defendant acknowledged a debt of between $1.95 and $2.45 million, Plaintiff has already obtained summary judgment on notes totaling over $7,000,000.

## III.   CONCLUSION

Plaintiffs' breach of contract claims are barred by the New Hampshire statute of limitations. The unjust enrichment claims are barred by either the Florida or New Hampshire statutes of limitations. For these reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED as to counts 4, 5, 7–10. ECF No. 123.

Defendant's Motion for Judgment on the pleadings is DENIED as MOOT as to counts 1, 2, 3, 6, and 11. ECF No. 123.

Plaintiffs' Second Motion for Partial Summary Judgment is DENIED. ECF No. 122.

Final judgment will be entered by separate order. Fed. R. Civ. P. 58.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of February 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE